# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL HAGOS,                          )          Case No.: 11-cv-01272-GMN-RJJ
                                       )
              Plaintiff,               )                    **ORDER**
      vs.                              )
                                       )
MTC FINANCIAL, INC.,                   )
                                       )
              Defendant.               )
_____)

## INTRODUCTION AND FACTS

Before the Court is Plaintiff Daniel Hagos' Motion for a Temporary Restraining Order (ECF No. 2).

A Notice of Trustee's Sale was sent to Plaintiff on July 7, 2011 by Defendant MTC Financial, Inc. (ECF No. 1.) The notice states that a public auction will be held on August 8, 2011 to sell the property located at 6659 Catoctin Ave, Las Vegas, NV 89139. (*Id.*) Plaintiff alleges that he never entered in to a contractual agreement with the Defendant and that Defendant has no authority to exercise foreclosure on the property. Plaintiff's Complaint alleges three causes of action: (1) common law fraud; (2) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692(e) and 1692(f); and (3) extreme emotional distress. Plaintiff bases his argument for a TRO on the FDCPA claims.

## DISCUSSION

**A.      Legal Standard**

Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order. Temporary restraining orders are governed by the

same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008).  The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases added).

A recent Ninth Circuit decision has clarified whether the slide scale approach is still a valid test under *Winter*.  In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.  "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test.  That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

**B.     Analysis**

Plaintiff claims that he will suffer immanent and irreparable injury if defendant is not enjoined from foreclosing on the property.  The court does not doubt that Plaintiff will likely suffer irreparable harm in the absence of an injunction as he is at risk of losing his home. *See Sundance Land Corp. v. Community First Fed'l Wav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (potential loss of real property through foreclosure may constitute a threat of irreparable injury).

However, the court cannot find serious questions going to the merits of Plaintiff's claims under the FDCPA.  Plaintiff alleges that Defendant has violated the FDCPA by sending fraudulent demands for payment to collect money that it not owed to Defendant. (*See* Complaint, ECF No. 1).  Plaintiff has attached a Notice of Breach and Default and Notice of Trustee's Sale to his Complaint as proof of Defendant's wrongful acts. (*Id.*)  While Plaintiff *alleges* that Defendants are attempting to collect on a debt, it actually appears that Defendants are foreclosing on a property pursuant to a deed of trust which is not a debt collection with the meaning of the FDCPA. *See Huck v. Countrywide Home Loans, Inc.*, No. 3:09-CV-553, 2011 WL 3274041 (D.Nev. July 29, 2011); *Maynard v. Cannon*, 650 F.Supp.2d 1138, 1142 (D.Utah

2008) (finding that servicing a notice of default is not subject to FDCPA regulation); *Hulse v. Ocwen Fed. Bank,* 195 F.Supp.2d 1188, 1204 (D.Or.2002) (holding that merely foreclosing on a property pursuant to the deed of trust without collecting debt does not fall within the terms of the FDCPA).  Further, even if Plaintiff were to succeed under the FDCPA, because it only provides for the award of monetary damages and does not provide for injunctive relief, Plaintiff would not be entitled to the remedy he seeks.  15 U.S.C. § 1692k.

Since Plaintiff has failed to show that there are serious questions going to the merits of his case there is no need for the court to look at the remaining two factors.  The Court must deny Plaintiff's Motion for a Temporary Restraining Order.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff Daniel Hagos' Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED**.

DATED this 8th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge