1  Arnie Billingsley chael E. Sullivan, Esq.
   Nevada Bar No. 5142
2  **ROBISON, BELAUSTEGUI, SHARP & LOW**
   71 Washington Street
3  Reno, NV 89503
   Telephone:    (775) 329-3151
4  Facsimile:     (775) 329-7941
   E-mail:        msullivan@rbsllaw.com
5
   Richard J. Reynolds, Esq.
6  Nevada Bar No. 11864
   **TURNER, REYNOLDS, GRECO & O'HARA**
7  16485 Laguna Canyon Road, Suite 250
   Irvine, California 92618
8  Telephone:    (949) 474-6900
   Facsimile:     (949) 474-6907
9  E-mail:        rreynolds@trlawyers.com

10 **Attorneys for** Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

11                **UNITED STATES DISTRICT COURT**

12                   **DISTRICT OF NEVADA**

13

14 DANIEL HAGOS,                    )   CASE NO: 2:11-cv-1272-GMN-RJJ
                                    )
15              Plaintiff,          )
                                    )
16        vs.                       )
                                    )
17 MTC FINANCIAL, INC.,             )
                                    )
18              Defendant.          )
   _____)
19

20      **MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT**

21      **MTC FINANCIAL INC., dba TRUSTEE CORPS FOR FAILURE**

22      **TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

23              **[Fed. R. Civ. P. Rules 12 (b)(6)]**

24

25      Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS ("TRUSTEE CORPS"), by

26 and through its counsel of record, moves the Court to Dismiss the Complaint of Plaintiff  Daniel

27 Hagos *with prejudice* for failure to state a claim upon which relief may be granted. This Motion is

28 made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1    This Motion is based upon the Memorandum of Points and Authorities submitted herewith,

2  together with the Request for Judicial Notice in Support of the Motion concurrently filed under

3  separate cover, and upon all pleadings, papers and documents on file herein, together with those

4  matters of which judicial notice has been requested, and any oral argument which may be presented

5  at the time of the hearing.

6

7    DATED:  August 29, 2011

8                                         **TURNER REYNOLDS GRECO & O'HARA**
                                          16485 Laguna Canyon Road, Suite 250
9                                         Irvine, CA 92618

10                                    By

11                                        RICHARD J.  REYNOLDS
                                          Attorneys for Defendant, MTC FINANCIAL INC.,
12                                        dba TRUSTEE CORPS

13                                        MICHAEL E. SULLIVAN
                                          **ROBISON, BELAUSTEGUI, SHARP & LOW**
14                                        A Professional Corporation
                                          71 Washington Street
15                                        Reno, Nevada  89503
                                          Attorneys for Defendant, MTC FINANCIAL INC.,
16                                        dba TRUSTEE CORPS

17

18

19

20

21

22

23

24

25

26

27

28

853516.861
00277293.WPD; 1

2

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

This is yet another home foreclosure case plaguing the federal and state courts. This case was filed by a borrower seeking damages after defaulting on a home mortgage loan. Plaintiff has filed a bare bones complaint that clearly has no valid claim.

### 2.   BACKGROUND

According to TRUSTEE CORPS' Request for Judicial Notice ("RJN"), Plaintiff obtained a mortgage loan with Washington Mutual Bank as Beneficiary, as evidenced by a Deed of Trust recorded on September 26, 2006, in the amount of $211,000 (RJN, Exhibit "A"). The real property securing the loan is located 6659 Catocin Avenue, Las Vegas, Nevada.

Subsequently, Plaintiff defaulted on his loan above. As a consequence, TRUSTEE CORPS as agent for the beneficiary recorded a Notice of Default on August 30, 2011 (RJN, Exhibit "B"). Plaintiff still failed to make his loan payments, and as a result a Notice of Trustee's Sale was recorded on July 13, 2011, setting the sale date for August 8, 2011. (RJN, Exhibit "E").

### 3.   ARGUMENT SUMMARY

Plaintiff has filed a bare bones Complaint which only names MTC Financial, Inc. dba Trustee Corps ("TRUSTEE CORPS"), the foreclosure trustee. TRUSTEE CORPS is a foreclosure trustee, and as will be explained below, cannot be held liable under any of Plaintiff's claims. With respect to the recording of the NOD and NOTS, *TRUSTEE CORPS is only in the chain of title as the agent for the beneficiary*. Thus, it only serves as a ministerial agent for the beneficiary with respect to the foreclosure process. Further, TRUSTEE CORPS has no common law duties but only statutory duties. As such, all claims fail against TRUSTEE CORPS.

### 4.   LEGAL STANDARDS APPLICABLE TO MOTIONS TO DISMISS

#### A.   General Pleading Requirements.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); McManus v. American Express Tax and Business Services, Inc., 67 F.Supp.2d 1083, 1086 (D. Ariz. 1999). Rule 12(b)(6) allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if

1  everything in the alleged complaint is true." <u>Mayer v. Mylod</u>, 988 F.2d 635, 638 (6th Cir. 1993).

2       In ruling on a Rule 12(b)(6) motion, the complaint is construed in a light most

3  favorable to the non-moving party, and all material allegations in the complaint are taken to be

4  true. <u>Sanders v. Kennedy</u>, 794 F.2d 478, 481 (9th Cir. 1986).  But, the Court is not required "to

5  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

6  unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008).

7  Such is the case with the conclusory Complaint at issue here.

8       Although they may provide the framework of a complaint, legal conclusions are not

9  accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere

10  conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949-50,

11  173 L.Ed.2d 868 (2009); <em>see also</em>, <u>Warren v. Fox Family Worldwide, Inc</u>., 328 F.3d 1136, 1139

12  (9th Cir. 2003).  In this connection, the court is not required to accept legal conclusions cast in the

13  form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

14  <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-755 (9th Cir.1994) (<em>citing</em> <u>Papasan v. Allain</u>,

15  478 U.S. 265, 286 (1986)).

16       Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have]

17  not alleged, or that the defendants have violated ... laws in ways that have not been alleged."

18  <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459

19  U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

20       Dismissal under <u>Federal Rule of Civil Procedure</u> 12(b)(6) for failure to state a claim is

21  proper if the pleadings fail to allege enough facts so as to demonstrate a 'plausible entitlement to

22  relief.' <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 553-558, 127 S.Ct. 1955, 167 L.Ed.2d 929

23  (2007).[1]  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

24  factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

25  requires more than labels and conclusions; a formulaic recitation of the elements of a cause of

26  _____

27       [1]  In the past, courts held that a dismissal is warranted only where "it appears beyond doubt that the
Plaintiffs can prove no set of facts which would entitle him [or her] to relief." <u>Conley v. Gibson</u>, 355 U.S.

28  41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Supreme Court recently rejected this formulation in <u>Bell
Atlantic Corp. v. Twombly</u> and held that in order to survive a motion to dismiss for failure to state a claim, a
complaint must set forth "enough facts to state a claim for relief that is plausible in its face." <u>Id</u>., at 1974.

1  action will not do. Factual allegations must be enough to raise a right to relief above the

2  speculative level on the assumption that all the allegations in the complaint are true (even if

3  doubtful in fact). Id. Only a complaint that states a plausible claim for relief survives a motion to

4  dismiss. Ashcroft v. Iqbal, supra, 129 S.Ct. at 1950, citing Bell Atlantic v. Twombly, supra, 550

5  U.S. at 556.

6          "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual

7  content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

8  entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.

9  2009).

10         A fair reading of this Complaint  reveals that it is devoid of factual content, at best is

11  a formulaic recital of *parts* of elements of claims, and is implausible on its face as to TRUSTEE

12  CORPS.

13         B.   **Pleading Requirements of Fraud**

14         Federal Rule of Civil Procedure 8(a) generally provides that a pleading that sets forth

15  a claim must contain "a short and plain statement of the claim showing the pleader is entitled to

16  relief."

17         However, Federal Rule of Civil Procedure 9(b) requires all allegations of fraud to be

18  stated "with particularity."  To satisfy the additional burdens imposed by Rule 9(b), the plaintiff

19  must allege "the time, place and nature of the alleged fraudulent activities." Fecht v. Price Co., 70

20  F.3d 1078, 1082 (9th Cir. 1995) (quotation omitted); see also, Odom v. Microsoft Corp., 486 F.3d

21  541, 553 (9th Cir. 2006).  In addition, Rule 9(b) "does not allow a complaint to merely lump

22  multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing

23  more than one defendant ... and inform each defendant separately of the allegations surrounding his

24  alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007)

25  (quotation omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must,

26  at a minimum, 'identif[y] the role of [each] defendant in the alleged fraudulent scheme.' "Id. at 765

27  (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989)). Destfino v.

28  Reiswig, 603 F.3d 952, 958 (9th Cir. 2011).

1    Here, Plaintiff has made no attempt whatsoever to comply with the Rule 9

2    requirements.  In this instance, there are essentially no charging allegations against this moving

3    Defendant, who of course was not a debt collector, and cannot be sued for the claims set forth

4    herein.  This Defendant, as explained in greater detail *infra*, also has immunity.  As such, and as

5    described in more detail *infra*, Plaintiff's fraud claims fail.

6    C.    **Construction of Exhibits Referred to in a Complaint or Attached to a**

7          **Rule 12(b)(6) Motion**

8    The court accepts as true the allegations in the complaint and construes them in favor

9    of the plaintiff.  Intri-Plex Tech., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1050, n. 2 (9th Cir.

10   2007).  "The court need not accept as true, however, allegations that contradict facts that may be

11   judicially noticed by the court, and may consider documents that are referred to in the complaint

12   whose authenticity no party questions."  Shwarz v. United States, 234 F.3d 428, 435 (9th Cir.

13   2000) (citations omitted).

14   "[E]xhibits attached to the complaint, as well as matters of public record may be

15   considered in determining whether dismissal was proper without converting the motion to one for

16   summary judgment.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.

17   1995)...."  Carpenter v. FDIC (In re Carpenter), 205 B.R. 600, 604 (9th Cir. BAP 1997).  Copies of

18   officially recorded documents in the office of the Washoe County Recorder are attached as

19   Exhibits to the accompanying RJN.

20   5.    **TRUSTEE CORPS OWED NO DUTIES TO PLAINTIFF, OTHER THAN**

21         **THOSE STATED IN THE DEED OF TRUST AND NEVADA STATUTES**

22   Common law does not impose any additional obligations on a foreclosure trustee other

23   those *specifically* stated in the deed of trust or the governing statutes.  See, Weingartner v. Chase

24   Home Finance, LLC, 702 F.Supp.2d 1276, 1291 (D. Nev. 2010), *quoting* Pro Value Properties, Inc.

25   v. Quality Loan Service Corp., 170 Cal.App.4th at 579, 583 (2009) (finding no general duty of

26   care, but holding only duty as defined by Nevada foreclosure statutes). See also, Orzoff v. Bank of

27   America, N.A., 2011 WL 1539897 at 3 (D. Nev.); Nieto v. Litton Loan Servicing, LP, 2011 WL

28   797496 at 5 (D. Nev.); Weingartner v. Chase Home Finance, LLC, 702 F.Supp.2d 1276, 1290 (D.

1  Nev.); Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 at 8 (D. Nev.)  (These cases look to

2  California law for the proposition that foreclosure trustees owe no duty to borrowers outside the

3  duties established under the relevant statutes.)

4      Thus, the scope and nature of a trustee's duties are *exclusively* defined by the deed of trust

5  and the governing statutes.  Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services,

6  Inc.,180 Cal.App.4th 1090, 1097-1098, 1104 (2009) (trustee's rights, powers, and duties regarding

7  notice of default and sale strictly defined and limited by statutory scheme; Legislature intended to

8  protect trustees from costly litigation, and trustee's statutory duties cannot be expanded by courts).

9  *No other common law duties exist.*  Hendrickson v. Popular Mortgage Servicing, Inc., 2009 WL

10  1455491 at 7 (N.D. Cal.); Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 at 8 (D. Nev.)

11  (*accord*, citing Hendrickson); Pro Value Properties, Inc. v. Quality Loan Service Corp., *supra*, 170

12  Cal.App.4th at 583.  *See also*, Residential Capital LLC v. Cal-Western Reconveyance Corp.,

13  (2003) 108 Cal.App.4th 807, 827-829 (no common law expansion of tort obligations).

14      The trustee's *limited* duties are twofold: (1) to "reconvey" the deed of trust to the trustor

15  upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by

16  the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default,

17  resulting in a sale of the property.  Vournas v. Fidelity Nat. Tit. Ins. Co., 73 Cal.App.4th 668, 677

18  (1999).  The nonjudicial foreclosure trustee  is not a true trustee with fiduciary duties, but rather, a

19  / / /

20  common agent for the trustor and beneficiary.  Pro Value Properties, Inc. v. Quality Loan Service

21  Corp., *supra*, 170 Cal.App.4th at 583.

22      Therefore, because TRUSTEE CORPS' foreclosure sale duties are defined and limited by

23  statute, in this case, N.R.S. §107.080, *et seq*., no claim against TRUSTEE CORPS arising solely

24  from its actions taken during the foreclosure process can be stated.

25  / / /

26  / / /

27  / / /

28  / / /

6. **PLAINTIFF HAS FAILED TO ALLEGE HE WAS NOT IN DEFAULT WHEN FORECLOSURE WAS INITIATED AND HAS FAILED TO MAKE A VALID AND UNAMBIGUOUS OFFER OF TENDER; THEREFORE, HE CANNOT CHALLENGE THE FORECLOSURE SALE**

To challenge the validity of a foreclosure action, a plaintiff must tender the undisputed amount due and owing on the secured indebtedness. Lasao v. Stearns Lending Co., 2011 WL 3273923 at 8-9 (D. Nev.) citing Ferguson v. Avelo Mortgage, LLC, 195 Cal.App.4th 1618, 1625 (2011); Larson v. Homecomings Financial, LLC, 680 F.Supp.2d 1230, 1237 (D. Nev. 2009) (mortgagors failed to allege that they were not in default on their loan obligations when mortgage lender initiated foreclosure proceedings, precluding their Nevada-law claim for wrongful foreclosure, regardless of lender's alleged fraudulent, malicious, and oppressive actions); Huggins v. Quality Loan Servicing, LP, 2011 WL 310490 at 4 (D. Nev.) (failure to plead loan is not in default bars all claims for wrongful foreclosure as a matter of law); Brey v. M & I Bank, 2010 WL 3526297 at 5 (D. Nev.) (accord); Haley v. Elegen Home Lending, LP, 2010 WL 1006664 at 1 (D. Nev.) (accord). See also, e.g., Collins v. Union Federal Savings & Loan, 99 Nev. 284, 304 (1983) (action for the tort of wrongful foreclosure will lie if the mortgagor can establish that, at the time the foreclosure occurred, no failure of performance existed on the mortgagor's part that would have authorized the foreclosure). Here, Plaintiff is in default and no tender of the amount due (or payment of *any* amount) is alleged. As Plaintiff has not done equity (by making a tender), or established that there was no failure of performance on his part, he is not entitled to the relief.

Similarly in California, a valid and viable tender of payment by a borrower of the indebtedness owing is essential to an action to challenge a foreclosure sale under a deed of trust. Alicea v. GE Money Bank, 2009 WL 2136969 at 3 (N.D. Cal.) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt").[2] For that reason, the law has long been

___

[2] The Nevada district courts have relied on decisions upholding California's nonjudicial foreclosure statute, which is substantially identical to the challenged Nevada statute. See, Ramos v. Mortgage Elec. Registrations System, Inc., 2009 WL 5651132 at *4 (D. Nev.)

6

established that a trustor must tender the obligation in full as a *prerequisite to a challenge of a foreclosure sale*. Pantoja v. Countrywide Home Loans Inc., 640 F.Supp.2d 1177, 1183-1184 (N.D. Cal. 2009).

The Ninth Circuit has held that the Court may require the borrower to have the ability and capacity to pay back what the borrower received before proceeding to a trial on the merits. Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003).  Failure to meet the tender rule entitles the defendant to a *dismissal*.  Pantoja v. Countrywide Home Loans, Inc., *supra*, 640 F.Supp.2d at 1186.  As Plaintiff has not shown any ability to make a good faith tender, this action should be dismissed.

7.   **THE COMPLAINT AND EACH AND EVERY CLAIM MUST FAIL DUE TO THE FACT THAT THIS DEFENDANT WAS AN AGENT FOR A DISCLOSED PRINCIPAL**

Based on the Request for Judicial Notice it is clear that TRUSTEE CORPS was an agent for a disclosed principal (the Beneficiary); thus, it cannot be sued.  Collins v. Union Federal Savings and Loan Association, 99 Nev. 284, 303 (1983). Under the agent's immunity rule "an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal." Jacobson v. Balboa Arms Drive Trust #5402, 2011 WL 2784126 at 10 (S.D. Cal.) *citing* Panoutsopoulos v. Chambliss, 157 Cal.App.4th 297, 304 (2007). Jacobson, as in this matter, was a wrongful foreclosure case against TRUSTEE CORPS.  The Jacobson court found that as TRUSTEE CORPS was acting solely as the agent of the beneficiary, TRUSTEE CORPS was immune from Plaintiffs' entire action.

8.   **PLAINTIFF'S CLAIM FOR FRAUD SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

Plaintiff states that TRUSTEE CORPS sent him a Notice of Default and Notice of Sale (Complaint, ¶30).  He then complains that TRUSTEE CORPS was acting under the guise of being a debt collector, and that TRUSTEE CORPS had no standing to made such a demand (Complaint, ¶30).  First,  as will be explained below, TRUSTEE CORPS was not a debt collector, and never

1   held itself out to be.  Secondly, TRUSTEE CORPS has standing to conduct the sale, as it is the

2   properly substituted in foreclosure trustee (RJN, Exhibit "C").  Third, it is unclear how these

3   allegations are actually fraudulent acts.

4        Moreover,  Rule 9(b) requires all allegations of fraud to be stated "with particularity."  To

5   state a claim for fraud, a plaintiff must plead: (1) a misrepresentation, (2) defendant's knowledge

6   of the falsity; (3) a defendant's intent to defraud, (4) plaintiff's justifiable reliance, and (5) resulting

7   damages.  Urbina v Homeview Lending, Inc., 681 F.Supp.2d 1254, 1260 (D. Nev. 2009); Pakpahan

8   v. Aurora Loan Services, 2009 WL 426396 at 4 (C.D. Cal.).  See also, Schreiber Dist. Co. v. Serv-

9   Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (the pleader must allege the "time, place,

10  and specific content of the false representations as well as the identities of the parties to the

11  misrepresentation").  Plaintiff has not met *any* of these mandatory pleading requirements as to

12  TRUSTEE CORPS.

13       TRUSTEE CORPS simply performed its duties *as foreclosure trustee* as set forth in the

14  relevant Deed of Trust and Nevada Statutes. TRUSTEE CORPS was legally entitled to record the

15  Notices on behalf of the beneficiary. Under Nevada law, a trustee, mortgagee or beneficiary or any

16  of their authorized agents may initiate the foreclosure process by filing a Notice of Default. *See*,

17  N.R.S 107.080(2)(b). Plaintiff has not alleged that TRUSTEE CORPS made any

18  misrepresentations and therefore has failed to make a legally cognizable claim of misrepresentation

19  against TRUSTEE CORPS.   For these reasons, Plaintiff's fraud claim fails and must be dismissed.

20       As noted above, to challenge the validity of a foreclosure action, a plaintiff must tender the

21  undisputed amount due and owing on the secured indebtedness.  Failure to do so defeats *even*

22  *claims based on fraud. See*, Larson v. Homecomings Financial, LLC, *supra*, 680 F.Supp.2d at

23  1237 (mortgagors in default on their loan obligations precluded Nevada-law claim for wrongful

24  foreclosure, regardless of lender's alleged fraudulent actions); Kraemer v. Kraemer, *supra*, 79 Nev.

25  at 292 (recovery of property denied where Plaintiff financially unable to redeem property despite

26  evidence of fraud).  Here, no tender is alleged in the Complaint, and Plaintiff does not allege that

27  he was not in default under their mortgage loan.  Therefore, the fraud-based claim cannot state a

28  claim for relief and must be dismissed.

9.    **PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ARE FATALLY DEFECTIVE**

"The purpose of the Fair Debt Collection Practices Act ("FDCPA") is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' 15 U.S.C. §1692(e)." Williams v. Countrywide Home Loans, Inc., 504 F.Supp.2d 176, 189 (S.D.Tex. 2007).

TRUSTEE CORPS is only a *substituted foreclosure trustee*, not a creditor of Plaintiff. Plaintiff has never claimed that TRUSTEE CORPS collected any mortgage payments. TRUSTEE CORPS is merely foreclosing on a property pursuant to a deed of trust, which as stated in the Order denying Plaintiff's Application for a Temporary Restraining Order, is not a debt collection within the meaning of the FDCPA. See: Order issued August 8, 2011, page 3 lines 21-25, *citing* Huck v. Countrywide Home Loans, 2011 WL 3274041 (D.Nev.); Maynard v. Cannon, 650 F.Supp.2d 1138, 1142 (D.Utah 2008)(finding that servicing a Notice of Default is not subject to FDCPA regulation); Hulse v. Ocwen Fed. Bank, 195 F.Supp.2d 1188, 1204 (D.Or. 2002) (holding that merely foreclosing on a property pursuant to the deed of trust without collecting debt does not fall within the terms of the FDCPA).   Therefore, Plaintiff's Fair Debt Collection Practices Act claims fail.

10.    **PLAINTIFF'S EXTREME EMOTIONAL DISTRESS CLAIM IS FATALLY DEFECTIVE.**

In order to be liable for Negligent Infliction of Emotional Distress, there must be an underlying tort committed by the defendant which would give rise to the claim. Shoen v. Amerco, Inc., 111 Nev. 735 (1995). Foreclosure, particularly where there is no legally sufficient claim that it was wrongful, is insufficient to amount to an actionable claim for Negligent Infliction of Emotional Distress.  Simon v. Bank of America, N.A., 2010 WL 2609436, at 12 (D. Nev.).

Here, there is no evidence that the foreclosure was wrongful or that there was any other underlying tort.  As stated repeatedly, Plaintiff dos not deny he was in default on his loan, and as

/ / /

such, TRUSTEE CORPS was entitled to foreclose.  Therefore, this claim should be dismissed without prejudice.

11.  **CONCLUSION**

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is plausible on its face.  Plaintiff's Complaint constitutes nothing more, at best, than the bare, formulaic recitation of some (but not all) of the elements of various claims, lacking in specific facts and implausible on its face.  A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts.  Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile).  As shown above, the deficiencies in Plaintiff's Complaint cannot be cured by further amendment.  There is no basis on which to find any liability against TRUSTEE CORPS or to grant any relief against TRUSTEE CORPS.  Accordingly, the Complaint as to TRUSTEE CORPS should be dismissed *without leave to amend*.


DATED: August 29, 2011

**TURNER REYNOLDS GRECO & O'HARA**
16485 Laguna Canyon Road, Suite 250
Irvine, CA 92618

By: _____
RICHARD J.  REYNOLDS
Attorneys for Defendant, MTC FINANCIAL INC., dba
TRUSTEE CORPS

MICHAEL E. SULLIVAN
**ROBISON, BELAUSTEGUI, SHARP & LOW**
A Professional Corporation
71 Washington Street
Reno, Nevada  89503
Attorneys for Defendant, MTC FINANCIAL INC.,
dba TRUSTEE CORPS

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of TURNER, REYNOLDS, GRECO & O'HARA, and that on August 29, 2011, I caused to be served a rue copy of **MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT MTC FINANCIAL INC., dba TRUSTEE CORPS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** on all parties to this action by the method indicated below:

[✓]  by using the Court's CMECF Electronic Notification system

Michael E Sullivan              msullivan@rbsllaw.com,mmeier@rbsllaw.com

[✓]  by U.S. Mail

Daniel Hagos
6659 Catoctin Ave.
Las Vegas, NV 89139

**GAIL M. LATIMER**

00277293.WPD; 1