Daniel Hagos
6959 Catoctin Ave
Las Vegas, NV  89139

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANIEL HAGOS | / | |
| | / | Case # 2:11-CV-1272 -GMN-RJJ |
| Plaintiff, | / | |
| v. | / | Plaintiff's Response to |
| | / | Defendant's |
| MTC FINANCIAL, INC. | / | Motion to Dismiss Complaint |
| Defendant. | / | |

Comes now, Daniel Hagos, "Plaintiff," with his response to the Defendant's motion to dismiss.

### Defendant, MTC FINANCIAL, INC.  Missed the Point

1. In the instant case the Defendant seemed to have totally missed or dodged the focus of this suit.  Plaintiff has made no argument concerning a note of any kind.

2. Plaintiff alleges that the existence of a note for which Plaintiff is responsible to pay and for which Defendant has authority to collect, has not been established by Defendant.

3. It was Defendant who made demand for payment and considering the amount of fraud by banks, mortgage companies, and loan servicers that has come to light in recent months, Plaintiff has been put on notice to ensure that Defendant is who Defendant claims to be.

4. Plaintiff and this Honorable Forum would be remiss to accept on faith, that Defendant is the agent of the holder of a note, when there is no proof that a note exists other than a photocopy of a document made out to someone other than the claimant.  The document purports to grant a lien to an entity other than the one claiming authority to the entity

1

claiming authority to express same.

5. Defendant has submitted copies purported to demonstrate Defendant's holdership of the mortgage document by Defendant's client, however, Defendant has produced no evidence to indicate that Defendant's client is the proper holder of a promise to pay Defendant's client.

6. Plaintiff has stipulated that, upon proof of agency by Defendant, Plaintiff will stipulate and amend the pleading to address the true holder of the note, but that cannot happen until Plaintiff knows to whom Plaintiff's claims should be addressed to.

7. If Defendant is the agent of the true holder of the note, it should be easy to prove.

8. Instead of writing a rambling motion to dismiss, offering a simple proof of agency would have ended the matter.

9. Defendant's failure to immediately offer up said proof gives rise to the adverse inference that Defendant is as Plaintiff has alleged, an impostor, attempting to collect a debt to which Defendant has no agency or authority to collect which would place Defendant squarely under the restrictions of the Fair Debt Collections Practices Act (12 USC 1692(f) as alleged.

10. Defendant completely ignored the only issue before the court, that of standing of Defendant to act as agent for the true holder of the alleged note and the document purporting to establish a lien against the property.

**CONCLUSIONS OF LAW**

11. It goes to the very core of this action that the statements alleging the existence of a promissory note for which Defendant has agency to represent a principal is in question and is not a fact.

12. Defendant indicates that the burden to be proved by Plaintiff should be heavy. Because the burden is heavy, does not mean it is complex.

13. Plaintiff adequately argues the issue that, when a person, claiming to be a creditor, makes a claim or demand for payment from a person alleged to be a debtor, the claimant has a heavy burden in proving up authority to make said claim.

14. Plaintiff has no duty to prove that claimant lacks authority. The burden in this instance is on the claimant, see **UCC 3-501**.

### Defendant's Attorney Failed To Speak With Candor To The Court

15. Defendant failed to speak with candor to the court. Instead of simply making the original note available for inspection by Plaintiff, along with all the endorsements and allonges, Defendant prepared a rambling objection raising numerous issues not before the court.

16. Under the heading of PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS - Plaintiff argues that while the Defendant's arguments may be an interesting, they do not go to the merits of the instant cause.

17. Plaintiff would argue that an attorney can be sued if said attorney accepts the statements of his client as true without making private inquiry, however, it is not necessary here as that particular issue is not ripe to be argued.

18. Before Defendant can be considered as an agent for the alleged noteholder, Defendant must first show that Defendant is representing a client that is a true holder of the note Defendant is trying to collect.

19. If Defendant's client is not a true holder, then Defendant is merely a debt collector as alleged. It would seem that proving up agency would have been less burdensome than constructing this frivolous argument.

20. Under the heading of PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS, the Defendant must be confusing this case with some other as there is only one issue brought by plaintiff and it has nothing to do with the details of any note.

21. Plaintiff made no claims concerning the assignments of any note.

22. Plaintiff has not stipulated that any note even exists, much less argue the details of said note. Plaintiff only asked for proof from Defendant of the existence of the note alleged and that Defendant's alleged client is the holder of that note.

23. Further, Plaintiff would be remiss to make claims against an entity that has no interest or liability. In the event Defendant proves that Defendant's client is a true holder of a note, Plaintiff is prepared to provide a plethora of claims against said holder, but until that holder is established as a matter of law, Plaintiff has no one to lay claim against.

24. If that is the case, then, absent a showing of standing on the part of Defendant's alleged principal, Defendant is nothing more than a debt collector attempting to collect a debt as defined by the Fair Debt Collections Practices Act.

25. Plaintiff is prepared to stipulate to the above in as much as any attorney representing a true holder of a note would not be a debt collector. The assertion of agency on the part of Defendant remains unproven, Defendant is nothing more than a debt collector trying to collect a debt.

26. As indicated above, in the event Defendant proves up agency, Plaintiff is prepared to stipulate to said agency of Defendant, and once Plaintiff is assured of who the current true holder of a note is, Plaintiff is prepared to amend the pleading to address said holder.

## Plaintiff Will Almost Certainly Prevail On the Merits

27. The only issue is rather or not Defendant is who Defendant claims to be. If Defendant truly had standing to enforce the alleged note, then it would have been a simple enough matter to prove up same. Instead, Defendant fostered the above referenced frivolous argument upon the court with the apparent confidence that the court would accept anything learned counsel waved before it.

28. Plaintiff is well aware that Plaintiff will not win Plaintiff's case simply because the facts and the law is on Plaintiff's side.

29. Everything in court (if not in law) is and always has been political. Plaintiff suggests that the court consider the current revelations concerning the illegal practices of the banks, to include but unfortunately not limited to, Defendant's alleged client.

30. The banks are in a frenzy to foreclose on everything in sight. Evidence of a massive fraud scheme to produce forged documentation alleging authority to foreclose is all over the news.

31. These very arguments have been brought for years but the courts have ignored them and, as a result, have created the specter of all those foreclosures being brought back into the courts for re-litigation based on the fraudulent foreclosure practices.

32. Tending favor to big money and big banks has created a disaster for the courts and the country.

33. Plaintiff filed the instant cause in the interest of judicial economy in order to avoid unnecessary litigation.

34. If Defendant is forced to prove up agency on the front end, there will be much less litigation on the back end.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1.  For quite title to Property against claims by Defendant;
1.  For disgorgement of all amounts wrongfully acquired by Defendant according to proof at trial;
2.  For three times the amount Defendant intended to defraud Plaintiff of.
3.  For pain and suffering due to extreme mental anguish in an amount to be determined at trial.
4.  For pre-judgment and post-judgment interest according to proof at trial;
5.  For attorney's fees and costs as provided by statute; and,
6.  For such other relief as the Court deems just and proper.

Respectfully submitted by,

*Daniel Hagos* (signature)

Daniel Hagos
6659 Catoctin Ave
Las Vegas, NV 89139

## VERIFICATION

I, Daniel Hagos, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Daniel Hagos*

Daniel Hagos
6659 Catoctin Ave
Las Vegas, NV 89139

## CERTIFICATE OF SERVICE

I, Daniel Hagos, do swear and affirm that I have served a signed copy of the foregoing response to any and all Defendants by way of;

U.S.P.S. Certified mail and return receipt, on this 13th day of September 2011.

Michael E. Sullivan
Robison, Belaustegui, Sharp & Low
A Professional Corporation
71 Washington Street
Reno, NV 89503

Richard J. Reynolds
Turner Reynolds Greco & O'Hara
16485 Laguna Canyon Road
Irvine, Ca 92618

*/s/ Daniel Hagos*

Daniel Hagos
6659 Catoctin Ave
Las Vegas, NV 89139