Michael E. Sullivan, Esq.
Nevada Bar No. 5142
**ROBISON, BELAUSTEGUI, SHARP & LOW**
71 Washington Street
Reno, NV 89503
Telephone:   (775) 329-3151
Facsimile:    (775) 329-7941
E-mail:        msullivan@rbsllaw.com

Richard J. Reynolds, Esq.
Nevada Bar No. 11864
**TURNER, REYNOLDS, GRECO & O'HARA**
16485 Laguna Canyon Road, Suite 250
Irvine, California 92618
Telephone:   (949) 474-6900
Facsimile:    (949) 474-6907
E-mail:        rreynolds@trlawyers.com

**Attorneys for** Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HAGOS, | CASE NO: 2:11-cv-1272-GMN-RJJ |
| Plaintiff, | **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT MTC FINANCIAL INC., dba TRUSTEE CORPS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** |
| vs. | |
| MTC FINANCIAL, INC., | |
| Defendant. | |
| | **[Fed. R. Civ. P. 12(b)(6)]** |

MTC FINANCIAL INC., dba TRUSTEE CORPS ("TRUSTEE CORPS") submits the following Reply to Plaintiff's Opposition to its Motion to Dismiss:

1. **TRUSTEE CORPS HAS STANDING TO CONDUCT THE SALE.**

Plaintiff has filed a long rambling reply with essentially no authority. Instead, he Complains that "everything in Court (if not in law) is and always has been political." (Opposition, ¶28). He admits that the courts for years have dismissed "the very arguments" he brought in his Complaint (Opposition, ¶30).

1   He has failed to address any of the points raised in TRUSTEE CORPS' Motion to Dismiss.
2   Most importantly, he does not deny that he is in default under the loan. He does not deny that he
3   entered into the Deed of Trust which TRUSTEE CORPS is in the process of foreclosing on, and he
4   does not deny that he received the loan payments. He does not make any offer to tender the
5   amounts due under the loan. He does not argue that TRUSTEE CORPS did not provide all of the
6   Notices as required by the Deed of Trust and the relevant statutes.  He makes no claim
7   whatsoever against the lender or beneficiary, who aren't named in this action, nor does he make
8   any claim that the loan itself was invalid, or that he did not obtain the loan proceeds. It is clear that
9   Plaintiff has no valid claim against TRUSTEE CORPS, and therefore Plaintiff's Complaint should
10  be dismissed without leave to amend.

11   Plaintiff states in his opposition that "the only issue is rather (sic) or not Defendant is who
12  Defendant claims to be." (Opposition, ¶27). Plaintiff's entire Opposition rests on his argument that
13  TRUSTEE CORPS does not have standing to conduct the sale. However, as evidenced by the
14  RJN, TRUSTEE CORPS was the properly substituted in trustee for Plaintiff's Deed of Trust.
15  Therefore, TRUSTEE CORPS has the right to conduct the sale.

16   He argues that Defendant has not produced evidence to indicate that the lender is the proper
17  holder of the promissory note (Opposition, ¶¶5-7). [1] There is no such requirement, as no party need
18  to show that they are a 'holder of the note' in order to conduct a foreclosure sale. This argument
19  has been routinely dismissed by Nevada courts. Nevada law does not require possession of the note
20  as a precondition to non-judicial foreclosure under a Deed of Trust. <u>Joyner v. Bank of America</u>
21  <u>Home Loans</u>, 2010 WL 2953969 at 5 (D. Nev.); <u>Birkland v. Silver State Financial Services</u>, 2010
22  WL 3419372 at 3 (D. Nev.); <u>Gomez v. Countrywide Bank, FSB</u>, 2009 WL 3617650 at 2 (D. Nev.)
23  (So long as the note is in default and the foreclosing trustee is either the original trustee or has been
24  substituted by the holder of the note or the holder's nominee, there is simply no defect in
25  foreclosure.). Nevada law does not require production of the original promissory note or Deed of
26  Trust prior to non-judicial foreclosure. The procedure for conducting a trustee's foreclosure sale in

---

[1] Oddly Plaintiff also claims that he has made no argument concerning a note of any kind. It is likely that Plaintiff, acting in pro per, does not fully understand the laws concerning Deeds of Trust, Promissory Notes, and foreclosure sales.

853516.861                                              2
00278308.WPD; 1                                      REPLY

1  Nevada is set forth in N.R.S. §107.080. The foreclosure process is commenced by the recording of
2  a notice of breach and election to sell by the trustee, mortgagee or beneficiary or any of their
3  authorized agents. See, N.R.S. §107.080(2)(b). Nevada's foreclosure statute, which is
4  comprehensive, does not require production of the original promissory note. Moon v. Countrywide
5  Home Loans, Inc., 2010 WL 522753 at 3 (D. Nev.). Therefore, TRUSTEE CORPS is not required
6  to prove that the lender is the holder of the note before it conducts the foreclosure sale.
7       Plaintiff also argues that by failing to produce the note, TRUSTEE CORPS has violated the
8  Commercial Code (Opposition, ¶14). However, TRUSTEE CORPS cannot be held liable under
9  the Uniform Commercial Code, as it does not apply to the creation of transfer of an interest in a
10 lien or real property. Wang v. U.S. Bank, 2011 WL 222792 at 3 citing Alexander v. Aurora Loan
11 Services, 2010 WL 2773796 at 4 (D. Nev.), In Re Seaway Express Corp., 912 F.2d 1125, 1127 (9th
12 Cir. 1990). "Courts across the country have rejected claims by plaintiffs asserting a duty by the
13 lender to provide the original note under the U.C.C. to prove its holder in due course status."
14 Wayne v. HomEq Servicing, Inc., 208 WL 4642595 at 3 (D. Nev.). Therefore, this claim is
15 without merit.
16      Plaintiff next argues that as TRUSTEE CORPS has not proven that it is the agent of the
17 holder of the note, it is a debt collector (Opposition, ¶25). First, as evidenced by the RJN,
18 TRUSTEE CORPS is the agent of the beneficiary. Secondly, as stated in detail in the Motion to
19 Dismiss, TRUSTEE CORPS is merely foreclosing on a property pursuant to a deed of trust, which
20 is not a debt collection. Huck v. Countrywide Home Loans, 2011 WL 3274041 (D. Nev.);
21 Maynard v. Cannon, 650 F.Supp.2d 1138, 1142 (D. Utah 2008) (finding that servicing a Notice of
22 Default is not subject to FDCPA regulation); Hulse v. Ocwen Fed. Bank, 195 F.Supp.2d 1188,
23 1204 (D. Or. 2002) (holding that merely foreclosing on a property pursuant to the deed of trust
24 without collecting debt does not fall within the terms of the FDCPA).
25      It is clear that Plaintiff has no valid claim against TRUSTEE CORPS, who merely acted as
26 the foreclosure trustee under Plaintiff's Deed of Trust. Plaintiff cannot show that any of his claims
27 have any merit, or that TRUSTEE CORPS does not have standing to conduct the foreclosure sale,
28 ///

or that any party must prove that they are the valid holder's of the note in order to conduct the foreclosure sale. Therefore, Plaintiff's action should be dismissed.

2. **CONCLUSION**

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth enough facts to state a claim for relief that is plausible on its face. Plaintiff's Complaint constitutes nothing more, at best, than the bare, formulaic recitation of some (but not all) of the elements of various claims, lacking in specific facts and implausible on its face. A Court need not permit an attempt to amend a complaint if, as here, it determines that the pleading could not possibly be cured by allegations of other facts. Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1988) (no liability as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). As shown above, the deficiencies in Plaintiff's Complaint cannot be cured by further amendment. There is no basis on which to find any liability against TRUSTEE CORPS or to grant any relief against TRUSTEE CORPS. Accordingly, the Complaint as to TRUSTEE CORPS should be dismissed *without leave to amend.*

DATED: September 21, 2011

                                  **TURNER REYNOLDS GRECO & O'HARA**
16485 Laguna Canyon Road, Suite 250
Irvine, CA 92618

By: _/s/ Richard J. Reynolds_
RICHARD J. REYNOLDS
Attorneys for Defendant, MTC FINANCIAL INC.,
dba TRUSTEE CORPS

MICHAEL E. SULLIVAN
**ROBISON, BELAUSTEGUI, SHARP & LOW**
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Attorneys for Defendant, MTC FINANCIAL INC.,
dba TRUSTEE CORPS

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of TURNER, REYNOLDS, GRECO & O'HARA, and that on September 20, 2011, I caused to be served a true copy of the **REPLY** on all parties to this action by the method indicated below:

[✓]   by using the Court's CMECF Electronic Notification system

Michael E Sullivan         msullivan@rbsllaw.com, mmeier@rbsllaw.com

[✓]   by U.S. Mail

Daniel Hagos
6659 Catoctin Ave.
Las Vegas, NV 89139

_/s/ Gail M. Latimer_
GAIL M. LATIMER

00278308.WPD; 1