UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HAGOS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MTC FINANCIAL, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:11-cv-01272-GMN-RJJ <br><br> **ORDER** |

This is a foreclosure case filed by Plaintiff Daniel Hagos against Defendant, MTC Financial, Inc. Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant MTC Financial, Inc., dba Trustee Corps ("Trustee Corps").

**I.   BACKGROUND**

Plaintiff obtained a mortgage loan with Washington Mutual Bank as beneficiary, as shown by a Deed of Trust recorded on September 26, 2006, secured by the property at 6659 Catoctin Avenue, Las Vegas, Nevada. Plaintiff subsequently defaulted on the loan, and Trustee Corps recorded a Notice of Default ("NOD") on August 30, 2011. (Ex. A to Compl., ECF No. 1.) A Notice of Trustee's Sale was recorded on July 13, 2011. (Ex. B to Compl., ECF No. 1.) Plaintiff filed his Complaint on August 5, 2011.

Plaintiff's Complaint alleges four causes of action: (1) common law fraud; (2) violation of the Fair Debt Collection Practices Act – first cause of action; (3) violation of the Fair Debt Collection Practices Act – second cause of action; and (4) extreme emotional distress. In a separate section of his Complaint, Plaintiff also "demands strict verified proof" "of a complete chain of legal possession" of the loan note and that "Defendant is the true holder" of the loan note.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

As discussed below, the Court finds that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6), and his Complaint will therefore be dismissed with leave to amend.

**1. Common law fraud**

To prove a claim for fraud or intentional misrepresentation, a plaintiff must establish three factors: (1) a false representation by the defendant that is made with either knowledge or belief

that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-cv-1811-JCM-PAL, 2011 WL 6140660, at * 2 (D. Nev. Dec. 9, 2011) (citing *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007)).  A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness.").  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Here, Plaintiff has not alleged with sufficient particularity the circumstances constituting fraud on the part of Defendant.  Plaintiff's allegations center around the Notice of Breach and Default, and the Notice of Trustee's Sale sent by Defendant, alleging that the demands for payment were knowingly false.  Plaintiff alleges that "Defendant knew, or should have known that said demand was made without standing or capacity on the part of Defendant."  Plaintiff does not allege the specific false statements in the notices or the facts leading him to allege that this demand was made without standing or capacity on the part of Defendant.  Accordingly, this claim must be dismissed.

**2. Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.**

"Foreclosure does not constitute debt collection under the Fair Debt Collection Practices Act ('FDCPA')." *Smith v. CommunityLending, Inc.*, 773 F.Supp.2d 941, 944 (D. Nev. 2011). "Although the Ninth Circuit has not ruled on the question, the district courts of this Circuit have held that the foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated by the FDCPA." *Id.*; *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (9th Cir. 2009).

Plaintiff alleges violations of the FDCPA based on the Notice of Breach and Default and

the Notice of Trustee's Sale.  Plaintiff makes no allegations or arguments demonstrating that a cause of action exists under the FDCPA for notices such as these, sent by an agent for a beneficiary of a loan note, and the Court finds no such support.  Accordingly, this claim must be dismissed.

### 3. Extreme Emotional Distress

Although Plaintiff titles this cause of action, "Extreme Emotional Distress," his allegations appear to describe a cause of action for negligent infliction of emotional distress.  In order to establish a claim for intentional or negligent infliction of emotional distress, a "plaintiff needs to show 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'" *Nevada v. Eighth Judicial Dist. Court ex rel. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (1995)).  Here, Plaintiff has not alleged any facts constituting extreme and outrageous conduct on the part of Defendant, and his claim must therefore be dismissed.

Because Plaintiff is representing himself pro se, the Court gives him leniency in amending the Complaint.  If Plaintiff can do so, he is given leave to amend his Complaint to cure the deficiencies described above **by June 11, 2012**.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to amend his Complaint consistent with this order **by June 11, 2012**.

**DATED** this 18th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge