## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL HAGOS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-01272-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| MTC FINANCIAL, INC.; WASHINGTON ) | |
| MUTUAL BANK; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC. ("MERS"), ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Daniel Hagos. Before the Court is the Motion to Dismiss (ECF No. 18) filed by Defendant MTC Financial, Inc., dba Trustee Corps ("Trustee Corps"). Plaintiff filed a Response (ECF No. 20) and Defendant filed a Reply (ECF No. 21).

**I.     BACKGROUND**

In 2006, Plaintiff and another borrower, Miyuki Akui, obtained a mortgage loan from Washington Mutual Bank, FA, secured by a Deed of Trust on the property located at 6659 Catoctin Avenue, Las Vegas, Nevada, 89139, APN#: 176-11-112-048 ("the property"). (Deed of Trust, Ex. A to Mot. to Dismiss, ECF No. 18.) The Deed of Trust names California Reconveyance Company as Trustee. (*Id*.) On October 10, 2010, a Substitution of Trustee was recorded by JP Morgan Chase Bank, N.A., as beneficiary, naming Trustee Corps as Trustee. (Substitution of Trustee, Ex. C to Mot. to Dismiss, ECF No. 18.) Plaintiff subsequently defaulted on the loan, and Trustee Corps recorded a Notice of Default on August 30, 2011, on behalf of the beneficiary. (Ex. A to Compl., ECF No. 1; Ex. B to Mot. to Dismiss, ECF No. 6-1.)

Trustee Corps recorded a Notice of Trustee's Sale on July 13, 2011. (Ex. B to Compl., ECF No. 1.)  Plaintiff filed his original Complaint before this Court on August 5, 2011, alleging (1) common law fraud; (2) violations of the Fair Debt Collection Practices Act; and (3) extreme emotional distress. (ECF No. 1.)

On May 18, 2012, the Court entered its Order (ECF No. 12) dismissing Plaintiff's original Complaint and giving Plaintiff leave to amend his claims for common law fraud, violation of the Fair Debt Collection Practices Act and extreme emotional distress.  The Court stated that "[b]ecause Plaintiff is representing himself pro se, the Court gives him leniency in amending the Complaint," and that "[i]f Plaintiff can do so, he is given leave to amend his Complaint to cure the deficiencies described above." (Order, 5:14-16, ECF No. 12.)

Plaintiff filed his Amended Complaint on July 13, 2012, adding Washington Mutual Bank and Mortgage Electronic Registration Systems, Inc. ("MERS") as defendants and alleging the following causes of action: (1) Wrongful Foreclosure; (2) Fraud; (3) Quiet Title; (4) Declaratory Relief; (5) Violation of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, et seq. and the Federal Reserve Acts, 24 C.F.R. § 3500, et seq.; and (6) Violation of TILA, 15 U.S.C. § 1641(g). (Am. Compl., ECF No. 15.)  Plaintiff does not appear to amend his causes of action for extreme emotional distress or for violations of the Fair Debt Collection Practices Act.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint

is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on

a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

As a threshold matter, the Court recognizes that Plaintiff was not given leave to add causes of action and that his amended cause of action alleging fraud is the only one re-alleged by Plaintiff that he was permitted to amend in the Court's May 2012 Order. The Court will dismiss these other causes of action on this basis and finds further that Plaintiff suffers no prejudice from dismissal of these claims, because they also fail to state a claim on which relief can be granted pursuant to Rule 12(b)(6), as discussed in Defendant's motion to dismiss.

Regarding Plaintiff's fraud claim, in its previous Order the Court found that:

> Plaintiff's allegations center around the Notice of Breach and Default, and the Notice of Trustee's Sale sent by Defendant, alleging that the demands for payment were knowingly false. Plaintiff alleges that "Defendant knew, or should have known that said demand was made without standing or capacity on the part of

Defendant." Plaintiff does not allege the specific false statements in the notices or the facts leading him to allege that this demand was made without standing or capacity on the part of Defendant.

(Order, 4:11-16.)

Here, Plaintiff has not alleged additional facts under the heading of this cause of action for fraud, even as to the additional defendants. (*See* Am. Compl., 19:¶71–20:¶78.) Therefore, the Court must review Plaintiff's nine pages of general factual allegations under the heading "Factual Allegations" in his Amended Complaint to determine whether Plaintiff has cured his previous failure to plead fraud with the required specificity. (*See* Am. Compl., 5:¶19–14:¶54.)

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Plaintiff begins by alleging that Washington Mutual never assigned the beneficial interest in the Deed of Trust, and alleges that the securitization of the loan note terminated the Deed of Trust "and or" mortgage, such that the original beneficiary was "paid in full" and "the original loan was actually paid off." (Am. Compl., 5:¶21–6:¶26.) Here, the Court takes judicial notice of the fact that in 2008, the banking assets of Washington Mutual were seized and placed into

receivership by the Federal Deposit Insurance Corporation (FDIC), and subsequently sold to JPMorgan Chase. Accordingly, because securitization is not a basis for a fraud claim, and because JPMorgan Chase acquired the beneficial interest in the Deed of Trust by acquisition, the Court finds no support for Plaintiff's fraud claim based on these allegations.

Plaintiff next appears to allege fraud against Mortgage Electronic Registration Systems, Inc. ("MERS") in that "the original Deed of Trust that secured the Promissory Note listed MERS as the beneficiary" and that "MERS does not have the legal right to substitute in a new Trustee for the Deed of Trust or mortgage instrument since only the owner of the Note has that power." (Am. Compl., 7:¶28–9:¶31.) However, the Court finds no mention of MERS in the Deed of Trust, nor in any other foreclosure document, and notes that the Substitution of Trustee was executed by the beneficiary, JP Morgan Chase, pursuant to the authority described in the Deed of Trust. Accordingly, these allegations provide no support for a fraud claim against any defendant.

The remainder of Plaintiff's allegations in this section of the Amended Complaint restate his prior allegations as to securitization of the loan note, and "splitting" of the note, and therefore offer no support for Plaintiff's fraud claim. Accordingly, because the Court finds no basis on which to find that Plaintiff has adequately pleaded fraud on the part of any defendant, and because the facts alleged by Plaintiff do not show that any violations are plausible, the Court must dismiss Plaintiff's Complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 18) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 15) is **DISMISSED**. The Clerk shall enter judgment accordingly.

**DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge